**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000609**
**06-JUN-2013**
**08:41 AM**

CAAP-11-0000609

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RINSON PALIC, also known as JOHNNY NENA and JOHNNY NEHA,
Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 02-1-2327)


MEMORANDUM OPINION
(By: Nakamura, C.J., and Foley, JJ.,
with Reifurth, JJ., dissenting separately)


Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Rinson Palic (Palic), also known as Johnny Nena and Johnny Neha, by complaint with second-degree robbery (Count 1); promoting a dangerous drug in the third degree (Count 2); and unlawful use of drug paraphernalia (Count 3). The alleged victim and complaining witness for the robbery charged in Count 1 was Thaddeus Pisarek (Pisarek).[1] Pisarek cooperated with the State in the initiation of the robbery prosecution against Palic.

---

[1] It appears that Pisarek's name was misspelt as "Pisanek" in the complaint and in certain other parts of the record. To avoid confusion, we will use "Pisarek" when referring to the complaining witness for the charged robbery.

The charges against Palic were originally resolved through a plea agreement in which Palic agreed to plead guilty to the reduced charge of second-degree theft in Count 1 and guilty as charged to Counts 2 and 3.  The Circuit Court of the First Circuit (Circuit Court) accepted Palic's guilty pleas and sentenced him to probation.  However, Palic subsequently violated the terms of his probation, which resulted in the revocation of his probation and his being resentenced to five years of imprisonment.  While incarcerated, Palic filed a post-conviction petition to withdraw his guilty pleas.  In support of the petition, Palic asserted, among other things, that he had not been adequately apprised of the immigration consequences of his pleas.

More than five years after Palic had originally pleaded guilty, the Circuit Court granted Palic's motion to withdraw his pleas, vacated his convictions, and set his case for trial.  The State moved to continue the trial to secure the presence of Pisarek, who by this time was no longer residing in Hawai'i and who was an essential witness on the second-degree robbery charged in Count 1.  The Circuit Court granted the motion, continued the trial, and later excluded a 92-day period of this trial continuance from the speedy-trial computation under Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000).  Additional continuances largely attributable to Palic further delayed the trial for an extensive period of time.

Immediately prior to the jury being sworn, the State moved to *nolle prosequi* Count 1, which the Circuit Court granted. The jury found Palic guilty as charged of Counts 2 and 3.  The Circuit Court sentenced Palic to concurrent five-year terms of imprisonment on Counts 2 and 3, with credit for time served.  The Circuit Court[2] filed its Judgment of Conviction and Sentence on July 15, 2011 (July 15, 2011, Judgment).

---

[2] The Honorable Karen S.S. Ahn presided over the proceedings relevant to this appeal.

On appeal, Palic argues that: (1) the Circuit Court erred in excluding under HRPP Rule 48(c)(4)(i)[3] a 92-day period that the trial was continued to permit the State to secure its material witness Pisarek; and (2) there was insufficient evidence to convict Palic of Counts 2 and 3. As explained below, we affirm the Circuit Court's July 15, 2011, Judgment.

BACKGROUND

I.

Palic was arrested on October 15, 2002, for second-degree robbery, promoting a dangerous drug in the third degree, and unlawful use of drug paraphernalia. That same day, the arresting officer, Honolulu Police Department Officer Alvin Kahawaii signed an "Affidavit in Support of Warrantless Arrest," which described Officer Kahawaii's basis for believing there was probable cause for each of Palic's[4] arrests and to support the extended restraint of his liberty. Officer Kahawaii stated that he observed Pisarek chasing Palic at the intersection of Pauahi and Bethel Streets; that Pisarek shouted out to Officer Kahawaii that Pisarek had just been robbed; and that Officer Kahawaii and Officer Jack Long gave chase and apprehended Palic. In his affidavit, Officer Kahawaii relied upon information Pisarek provided to Officer Kahawaii during his investigation, including

_____

[3] HRPP Rule 48(c)(4)(i) provides:

> **(c) Excluded Periods.** The following periods shall be excluded in computing the time for trial commencement:
>
> . . .
>
> (4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:
>
> (i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]

[4] Palic was identified in Officer Kahawaii's affidavit by the alias "Johnny Nena."

3

that: Palic had grabbed Pisarek's ten dollar bill that was in front of Pisarek on the bar at Paradise Lost Lounge; that Pisarek followed Palic and attempted to retrieve the money, but Palic punched Pisarek in the mouth with his right fist and fled on foot; and that Pisarek chased Palic and flagged the officers when Pisarek saw them. Officer Kahawaii also stated that during Palic's arrest, a glass pipe with white residue was recovered from Palic's pants pocket, which Officer Kahawaii recognized as a pipe used to smoke crack cocaine that appeared to contain crack cocaine residue. Officer Kahawaii also recovered a ten dollar bill from Palic, which Palic acknowledged belonged to Pisarek.

On October 16, 2002, a judge of the District Court of the First Circuit (District Court) signed a "Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee" regarding each of Palic's arrests.

On October 21, 2002, the District Court held a preliminary hearing on the charges against Palic. Pisarek appeared and testified as a witness for the State. Pisarek testified that while at an establishment called Paradise Lost, he paid for drinks and received change that included a ten dollar bill that was in front of him on the bar; that Palic grabbed Pisarek's ten dollar bill and ran out of Paradise Lost and into a video store; that Pisarek gave chase, caught up to Palic, and demanded that Palic return the money; that Palic punched Pisarek in the mouth with a closed fist and ran away; that Pisarek followed Palic and asked two police officers for assistance; and that the officers stopped Palic and recovered the ten dollars Palic had stolen. Pisarek made an in-court identification of Palic as the person who had taken his money. The State also presented evidence on the drug-related charges. The District Court found that the State had established probable cause and committed the case to Circuit Court.

The State filed its complaint against Palic in Circuit Court on October 23, 2002. On January 27, 2003, pursuant to a

4

plea agreement, Palic pleaded guilty to the reduced charge of second-degree theft as to Count 1 and guilty as charged on Counts 2 and 3. The Circuit Court entered judgment against Palic on April 29, 2003, sentencing him to concurrent five-year terms of probation on each count. Palic subsequently violated the terms of his probation. The Circuit Court revoked Palic's probation and resentenced him on December 13, 2005, to concurrent five-year terms of imprisonment on Counts 1, 2, and 3.

II.

While incarcerated, Palic learned that federal authorities had placed an immigration detainer on him. On February 10, 2009, Palic filed a petition for post-conviction relief, seeking to withdraw his guilty pleas that were entered on January 27, 2003. Palic claimed that when he entered his guilty pleas, he had not been properly advised of the likelihood that deportation proceedings would be brought against him and that he had valid defenses to the charges which should have been raised. A hearing on Palic's petition set for April 27, 2009, was continued at Palic's request to permit Palic to obtain a transcript of the change of plea hearing and to obtain information from immigration authorities. On June 22, 2009, the Circuit Court held a hearing on Palic's petition, granted the petition, and set trial for the week of August 10, 2009. On July 8, 2009, the Circuit Court issued its written order withdrawing Palic's guilty pleas, vacating his judgment, and setting trial for the week of August 10, 2009.

On August 5, 2009, the State filed a Motion for Continuance of Trial to permit it to secure the presence of Pisarek, an essential witness on Count 1, at trial. In support of the motion, the State submitted the declaration of the Deputy Prosecuting Attorney then handling the case (DPA Young). DPA Young's declaration asserted that the State was utilizing an investigator, Kai Dodson ("Investigator Dodson"), from the Honolulu Prosecutor's Office to attempt to locate Pisarek and serve him with a trial subpoena. Investigator Dodson's efforts

eventually led him to contact Mr. Bugarin, a Fireman's Union Port Agent in Wilmington, California ("Agent Bugarin"), from whom Investigator Dodson learned that Pisarek was on a ship at sea and would not return to port for "several weeks." Agent Bugarin was unable to be more specific about the exact date of Pisarek's return. Investigator Dodson asked Agent Bugarin, and Agent Bugarin agreed, to deliver a message to Pisarek to call the Honolulu Prosecutor's Office when Pisarek returned to port.

On August 10, 2009, the Circuit Court held a hearing on the State's motion for continuance. Based on a plea offer extended to Palic by the State, a tentative change of plea hearing had also been scheduled for that date, but Palic advised the Circuit Court that he was rejecting the State's plea offer.[5] The Circuit Court granted the State's motion for continuance and set the trial for November 16, 2009. As a result of numerous additional continuances largely attributable to Palic, including continuances required to determine Palic's competency to proceed and necessitated by two withdrawals and substitutions of Palic's appointed counsel, trial did not begin until July 7, 2011.

In the intervening period, on December 16, 2010, Palic filed a motion to dismiss the complaint with prejudice for violating the time limits set forth in HRPP Rule 48 (Motion to Dismiss). The State filed a memorandum in opposition to the Motion to Dismiss. The State asserted that the period from August 10, 2009, to November 10, 2009, of its requested continuance to secure the presence of Pisarek should be exculuded from the HRPP Rule 48 speedy-trial computation

> as it was determined that the victim in Count I, Thaddeus Pisarek now resides on the mainland (California) and was not available to return to Hawaii for trial as scheduled due to his work as a merchant marine. Pursuant to HRPP Rule 48(c)(4)(i), Mr. Pisarek is a material and necessary witness in the prosecution of Count I, and the State through it'[s] diligence was able to track him down, and even make contact

---

[5] According to the Circuit Court's minutes, the State advised the Circuit Court that the plea offer would remain open until "the complainant is flown in for trial."

with him while he was at sea.  At that point, it appeared
that Mr. Pisarek may be willing to participate in the
prosecution of this matter, and the State moved the Court
for a continuance of the trial in order to try and secure
Mr. Pisarek's presence at a future proceeding.

On June 27, 2011, the Circuit Court held a hearing on
Palic's Motion to Dismiss.  DPA Young, who had been assigned to
Palic's case in August 2009 when the State moved for the trial
continuance, testified that on June 22, 2009, the Circuit Court
allowed Palic to withdraw his guilty pleas and reset the case for
trial during the week of August 10, 2009.  DPA Young explained
that the State, through its investigator, attempted to locate
Pisarek at his original 2002 Honolulu address, but determined
that Pisarek was a merchant seaman and had moved to California.
Attempts to locate Pisarek in California revealed that he would
be out at sea during the period of the scheduled trial.
Therefore, the State moved to continue the trial as it "hoped to
make the evidence or testimony from [Pisarek] available at some
future date," because he was a necessary witness for the robbery
charge.

At the same hearing, the deputy prosecuting attorney
who had assumed responsibility for the case (DPA Clark) advised
the Circuit Court that the State was "still having a very
difficult time reaching [Pisarek]" and may not be able to secure
his presence at trial.  DPA Clark stated that the State's
investigator "is having a hard time trying to nail down Mr.
Pisa[r]ek as to whether he's on shore or off."  Because the State
did not have a direct connection to Pisarek, it was working
through the merchant marine union to contact him.  DPA Clark
asserted that "[p]reviously we were able to get in touch with
[Pisarek] on the ship . . . through [the merchant marine union],
so I'm hoping that this means will yield that contact again."

On July 26, 2011, the Circuit Court issued its order
denying Palic's Motion to Dismiss, which contained the following
relevant findings of fact and conclusion of law:

7

Findings of Fact

. . . .

11. On August 5, 2009, the State filed a Motion for Continuance of Trial based upon its efforts to locate and subpoena witnesses in the case and determination that the complaining witness for the Robbery in the Second Degree charge was working aboard a ship at sea as of August 3, 2009; would not return to port for "several weeks;" and the Fireman's Union Port Agent Robert Bugarin, located in Wilmington, California, did not know specifically when the complaining witness would return to port.

12. Hearing on the State's Motion for Continuance of Trial was had on August 10, 2009, when a tentative Change of Plea was scheduled based on a plea offer extended by the State but which the Defendant rejected at that hearing. The court granted the State's Motion for Continuance of Trial and, at the State's request, set trial for November 16, 2009 . . . .

. . . .

CONCLUSIONS OF LAW

. . . .

4. From August 10, 2009, to November 10, 2009, 92 days elapsed, but the State's continuance was necessitated by an unavailable material witness -- the complaining witness in Count [1] -- as to whose location the State had exercised due diligence, who had been located but who was working on a ship at sea, and as to whom there were reasonable grounds to believe that the witness would become available to testify. Thus, the 92 days are excluded under [HRPP] Rule 48(c)(4)(i).

III.

Palic's trial commenced on July 7, 2011. The State was unable to obtain Pisarek's presence and moved to *nolle prosequi* Count 1 just prior to the jury being sworn. The Circuit Court granted the motion. With respect to Counts 2 and 3, the State presented evidence that police officers involved in Palic's arrest recovered a pipe with cocaine residue from Palic's pocket. Officer Kahawaii testified that during a search incident to arrest, Palic disclosed that he was in possession of a crack pipe, stating, "eh, I get crack pipe." Officer Spencer Andersen read portions of his police report into evidence, as past recollection recorded, which showed that Officer Anderson had recovered a glass pipe containing a black and white powdery substance, along with a lighter from Palic. The State presented

8

evidence regarding the chain of custody for the pipe and the results of a chemical analysis, which revealed that the residue found inside the pipe contained cocaine.

Palic did not testify or call any witnesses.  His main theory of defense was that because of the age of the case, the witnesses did not have a present recollection of their actions and therefore there was insufficient evidence and a reasonable doubt regarding his guilt.  Palic also argued that the absence of the glass pipe due to its destruction prior to trial created a reasonable doubt.  The jury found Palic guilty as charged on Counts 2 and 3.

DISCUSSION

I.

Palic argues that the Circuit Court erred in excluding the 92-day period from August 10, 2009, to November 10, 2009, during which the trial was continued to permit the State to secure the presence of Pisarek.  Palic contends that contrary to the Circuit Court's ruling, this period was not properly excludable under HRPP Rule 48(c)(4)(i) and, if included in the speedy-trial computation, resulted in the State violating the HRPP Rule 48 time limits.  We review the trial court's factual findings in ruling on a motion to dismiss under HRPP Rule 48 for clear error and its determination of whether those facts fall within HRPP Rule 48's exclusionary provisions *de novo*.  State v. Samonte, 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996).

HRPP Rule 48(c)(4)(i) excludes from speedy-trial computation the period of a continuance that is "granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]"  Palic argues that the Circuit Court erred in excluding the 92-day period under HRPP Rule 48(c)(4)(i) because "[t]here was no evidence based on reasonable grounds that [Pisarek] was ever personally contacted

and may become 'available at a later date.'" We conclude that the Circuit Court did not err in excluding the 92-day period.

It is not clear from Palic's argument whether he is claiming that the State failed to exercise due diligence to obtain Pisarek's presence at trial prior to the requested continuance. If Palic is making such a claim, it is without merit. The record reveals that Palic had originally pleaded guilty and was sentenced in 2003. Thus, the State had no reason to keep in contact with Pisarek. However, on June 22, 2009, the Circuit Court orally ruled that it was granting Palic's petition to withdraw his guilty pleas and setting the case for trial during the week of August 10, 2009, and it filed a written order memorializing its ruling on July 8, 2009. The State assigned an investigator with the Honolulu Prosecutor's Office to locate Pisarek. The investigator attempted to locate Pisarek at his last known 2002 Honolulu address, learned that Pisarek was a merchant seaman and had moved to California, located him through a union agent as being aboard a ship at sea, determined that Pisarek was not expected to return to port until after the scheduled trial, and arranged through the agent to have Pisarek contact the Honolulu Prosecutor's Office once he returned. Palic does not indicate, under the circumstances, what more the State could have or should have done. We conclude that the State exercised due diligence to locate Pisarek and secure his presence prior to requesting the trial continuance.

We also conclude that there were "reasonable grounds to believe" that Pisarek and his testimony would be available at a later date within the meaning of HRPP Rule 48(c)(4)(i). We must evaluate whether this requirement of HRPP Rule 48(c)(4)(i) was satisfied based on the information reasonably available to the Circuit Court and the State at the time the Circuit Court granted the State's motion for continuance on August 10, 2009. Prior to the Circuit Court's ruling on the State's continuance motion, the record shows that Pisarek had cooperated with the State in the prosecution of Palic. Pisarek requested the assistance of the

police in apprehending Palic.  Pisarek then provided information to the police in its investigation of Palic, and Pisarek testified for the State as a witness at the preliminary hearing held on the charges against Palic.  At the time the Circuit Court ruled on the State's motion for continuance, there is nothing in the record to suggest that Pisarek would not continue to cooperate with the State in its prosecution of Palic.

As noted, the Circuit Court orally granted Palic's petition to withdraw his guilty pleas on June 22, 2009, and set the case for trial during the week of August 10, 2009.  Prior to filing its motion for a continuance on August 5, 2009, the State had been able to locate Pisarek though a union agent, determine that he was at sea but would return to port at a later date, and obtain assurances that the union agent would deliver a message to Pisarek to call the Honolulu Prosecutor's Office when Pisarek returned to port.  Because Pisarek was at sea, the State was limited in its ability to directly communicate with Pisarek and obtain definitive information regarding his availability prior to filing its continuance motion on August 5, 2009, and the Circuit Court's ruling on the motion on August 10, 2009.[6/]  Under these circumstances, we hold that the Circuit Court did not err in concluding that there were reasonable grounds to believe that Pisarek would become available to testify at a later date.

II.

Palic contends that there was insufficient evidence to support his convictions on Counts 2 and 3.  Palic does not contest the "competency" of the evidence presented at trial, but argues that it was insufficient because no physical evidence of the pipe (which had been destroyed) was presented; testimony concerning the recovery of the pipe was inconsistent; and due to

---

[6/] We note that HRS 836-3 (1993) establishes procedures by which witnesses from another state may be summoned to testify in Hawaiʻi in a criminal prosecution.

the passage of time, the witnesses had difficulty specifically recalling the actions they had taken.

In evaluating the sufficiency of the evidence on appeal, we must consider the evidence in the light most favorable to the State. State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Id. (block quote format and citation omitted). Applying the appropriate standard of review, we reject Palic's claim that the evidence was insufficient.

CONCLUSION

We affirm the July 11, 2011, Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, June 6, 2013.

On the briefs:

Harrison L. Kiehm
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

12